IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADRIAN CONEJO PEREZ                                                              PETITIONER

v.                                          Civil No. 05-5201

STATE OF ARKANSAS                                                                RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Adrian Conejo Perez, who is housed in the Washington County Detention Center, has filed a habeas corpus petition under 28 U.S.C. § 2254. I have not ordered service of process upon the respondent.

Perez was charged in Washington County with manslaughter. He states the charge stemmed from alleged recklessness in dropping an infant. He pled guilty to the offense and was sentenced on December 6, 2005, to 10 years in the Arkansas Department of Correction with credit for 382 days served.

In the instant motion filed December 14, 2005, Perez states that the dropping of the infant was an accident and he is not guilty of the crime. Perez alleges he received ineffective assistance of counsel in pleading guilty.

This motion should be dismissed because Perez has not exhausted state remedies. A state prisoner seeking a writ of habeas corpus in federal court must first present the claims to the state court in order to meet the exhaustion requirement of 28 U.S.C. § 2254 (b). *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Here, Perez has an available non-futile state remedy, a petition under Rule 37 of the Arkansas Rules of Criminal Procedure. Ark. R. Crim. P. 37.1. Where no appeal is

taken, as in this case, a petitioner must file a Rule 37 petition in the appropriate circuit court within 90 days of the date of entry of judgment. Ark. R. Crim. P. 37.2. Exhaustion includes appealing any adverse judgment to the highest appellate court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

I recommend the instant petition be dismissed without prejudice on the ground that Perez has failed to exhaust state remedies. Perez should be directed to pursue state remedies by filing a Rule 37 petition and appealing any denial of the petition. **The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 15th day of December 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE